REDMANN, Judge
(concurring in part and dissenting in part).
Because this court, sitting in a differently constituted panel of three judges (La. Const. art. 7 § 23), has denied the Port Commission’s and its contractor’s motions to dismiss this appeal, La.App., 236 So.2d 94, I will not discuss but merely mention my doubt whether we have jurisdiction, or whether the judgment sought to be appealed from has already become final, LSA-R.S. 47:1574(3), because no motion for appeal was filed prior to the time the judgment was to become final. (An automatic order of appeal was granted at presumably the same time the judgment was signed, in accordance with R.S. 13 :4208.)
I will therefore consider the appeal and also the answers to the appeal properly before us.
Even assuming one political subdivision of our state might tax another coterminous political subdivision, I concur in the dismissal of the Port Commission on the ground that it was a “purchaser”, under the School Board’s ordinance, which paid the tax to its general contractor.
I dissent from the affirmance of the judgment against the contractor.
Sec. 9.10 of the School Board ordinance provides that when a dealer makes no return or a false or fraudulent return,
“* * * ^ Treasurer shall give such dealer fifteen (15) days’ notice, in writing, requiring such dealer to appear before him or his assistant, with such books, records and papers as he may require, relating to the business of such dealer, for such taxable period * * (Emphasis added.)
Sec. 9.18 provides that where the Treasurer finds a dealer liable for tax intends to depart or remove property subject to tax from the Parish, or to discontinue business or any other act tending to prejudice tax collection,
“* * * the Treasurer may make an arbitrary assessment as herein provided, whether or not any return or report is then due by law, and may proceed under such arbitrary assessment to collect the tax, or demand security for it, and thereafter shall cause notice of such findings to be given to such a dealer, together with a demand for an immediate return or report, and immediate payment of such tax.” (Emphasis added.)
It appears to me evident that the ordinance does not authorize — not under any circumstances — the treasurer to proceed as he has in this case. The estimated assessment procedure is only available in two cases, namely (1) after the mandatory 15-day written notice of Sec. 9.10 to produce records (which can be examined or audited at the defaulting taxpayer’s expense, sec. 9.04) and (2) with demand for a return under Sec. 9.18, but only where the defaulting taxpayer is departing the parish. Plaintiff’s pleadings and the evidence do not support a finding that either of those cases is present here.
The authority to estimate granted by sec. 9.04 depends on prior compliance with the mandatory 15-day notice to produce records, and, as sec. 9.04 provides, if the estimate “requires” examining or auditing the defaulting taxpayer’s books, this is done at the taxpayer’s cost.
In my opinion the exception to the unauthorized use of summary process should have been maintained, and the judgment against Marbury-Pattillo should be re *395 versed and plaintiff’s demand dismissed without prejudice.
Rehearing- denied.